1  **MILBERG LLP**
   JEFF S. WESTERMAN (SBN 94559)
2  jwesterman@milberg.com
   SABRINA S. KIM (SBN 186242)
3  skim@milberg.com
   One California Plaza
4  300 S. Grand Avenue, Suite 3900
   Los Angeles, CA 90071
5  Telephone: (213) 617-1200
   Facsimile: (213) 617-1975
6
   **THE WENTZ LAW FIRM**
7  Richard Wentz (SBN 120380)
   Jean Wentz (SBN 139340)
8  2955 East Hillcrest Drive
   Suite 123
9  Thousand Oaks, CA 91362
   Telephone: (805) 374-0060
10 Facsimile: (888) 855-8124
   Email: rick.wentz@gmail.com
11 jean.wentz@gmail.com

12 *Counsel for Plaintiff*

13

14                  UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16                SOUTHERN DIVISION - SANTA ANA

17 BRUCE GEIGER, individually and on       ) Case No. **SACV11-00455 CJC (PJWx)**
   behalf of all others similarly situated, )
18                                          ) **CLASS ACTION**
                        Plaintiff,          )
19                                          ) COMPLAINT FOR:
          v.                                )
20                                          )   (1) Violation of Fair Credit
   CONSUMERINFO.COM, INC. and              )       Reporting Act 15 U.S.C.A.
21 EXPERIAN PLC,                            )       § 1681j and 16 C.F.R. § 610.4;
                                            )
22                                          )   (2) Violation of California Business
                                            )       and Professions Code § 17500 *et*
23                      Defendants.          )       *seq.*; and
                                            )
24                                          )   (3) Violation of California Business
                                            )       and Professions Code § 17200 *et*
25                                          )       *seq.*
                                            )
26 _____     ) **DEMAND FOR JURY TRIAL**

27

28

   | CLASS ACTION COMPLAINT | | CASE NO.: |
   DOCS\549179v6

Plaintiff Bruce Geiger ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon personal knowledge as to his own acts and, as to all other allegations, upon information and belief and investigation by counsel, which included review of publicly available documents.

## NATURE OF ACTION

1.      Plaintiff brings this class action on behalf of himself and a class of persons, who from on or about April 2, 2010 through the final disposition of this and any and all related cases (the "Class Period"), visited websites belonging to Defendant ConsumerInfo.com, Inc. ("ConsumerInfo.com"), a wholly-owned and controlled subsidiary of Defendant Experian plc ("Experian") (collectively "Defendants").  The websites include:

- www.FreeCreditReport.com
- www.FreeCreditScore.com
- www.CreditReport.com

2.      In order to prevent deceptive marketing of credit reports, Section 1681j(g)(1) of the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 et seq. ("FCRA") and 16 C.F.R. § 610.4 (the "Rule") requires webpages that advertise a free credit report if users purchase other services to display at the top of such page the following disclaimer inside a box: "You have the right to a free credit report from www.AnnualCreditReport.com or 877-322-8228, the ONLY authorized source under federal law."  Defendants' websites contain pages that advertise free credit reports with sign-up for services, but do not contain the statutory disclaimers.

3.      The disclosure requirements of FCRA were added by Congress in 2009 in response to a flood of consumer complaints about deceptive advertising of "free" credit reports, actually conditioned upon the consumers' purchase of other products and services, such as credit monitoring and identity protection.  To respond to this problem, the Rule provides that, when companies offer "free" credit

reports to consumers on their websites, but condition the "free" reports on the consumers' signing up for fee-based credit monitoring and similar subscription services, companies must, among other requirements, apprise consumers that they are entitled to receive a free credit report under federal law and provide them an active link to the federally-approved free credit report website.

4.     Defendants' violation of FCRA Section 1681j(g)(1) and 16 C.F.R. § 610.4 is willful, and Plaintiff and the class are entitled to statutory damages of not less than $100 and not more than $1,000 for each consumer who visited Defendants' websites on or after April 2, 2010.

5.     Defendants' violations of federal law and wrongful conduct to mislead and deceive consumers into obtaining credit reports, bundled with other services, also violate California false advertising and unfair competition laws, California Business and Professions Code § 17500 and § 17200.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over FCRA claim pursuant to 28 U.S.C. § 1331, because that claim alleges violations of federal law, specifically FCRA Section 1681j(g)(1).

7.     This Court has ancillary and/or pendant jurisdiction over the state law claims because these stem from the same facts as the federal claim. Additionally, the Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendants' state of citizenship.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted occurred in this district, and Plaintiff dealt with Defendants, who are located in and/or do business in this

1  district.   Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants
2  conduct substantial business in this District, have sufficient minimum contacts with
3  this District, and otherwise purposely avail themselves of the markets in this
4  District, through the promotion, sale, and marketing of their services in this
5  District.

**THE PARTIES**

7       9.     Plaintiff Bruce Geiger ("Geiger"), a member of the Class, is a
8  consumer residing in Long Branch, New Jersey.  During the Class Period, in the
9  summer of 2010, Geiger sought a free credit report through Defendants' website
10 www.FreeCreditReport.com and began filling out the requested information form,
11 but stopped when he was asked for his credit card information.

12      10.    Defendant ConsumerInfo.com, Inc. is a California Corporation,
13 headquartered in Irvine, California.  ConsumerInfo.com owns a family of online
14 consumer credit reporting sites (including www.FreeCreditReport.com,
15 www.FreeCreditScore.com, and www.CreditReport.com).   ConsumerInfo.com,
16 according to its websites, purports to "give consumers quick, easy, and inexpensive
17 access to their credit histories . . . ConsumerInfo.com provides credit monitoring to
18 its more than 3.1 million members and has delivered more than 20 million credit
19 reports on the web."  The logo on the ConsumerInfo.com site is
20 "ConsumerInfo.com an Experian company."   The "about us" page on the
21 ConsumerInfo.com site presents Experian and ConsumerInfo interchangeably:

> About Experian DirectSM
>
> Experian Direct part of a family of online consumer credit reporting
> sites belonging to ConsumerInfo.com, Inc., an Experian® company.
> ConsumerInfo was founded in 1995 to give consumers quick, easy,
> and inexpensive access to their credit histories. It is now the leading

provider of online consumer credit reports, credit scores, credit monitoring, and other credit-related information. ConsumerInfo provides credit monitoring to its more than 3.1 million members and has delivered more than 20 million credit reports on the web. As part of the Experian family, it continues to grow its membership base and develop innovative products to help consumers better understand their credit.

11.    Defendant Experian plc describes itself as the leading global information services company, providing data and analytical tools to clients in more than 90 countries. Experian is a nationwide consumer reporting agency. The company helps businesses to manage credit risk, prevent fraud, target marketing offers and automate decision making. Experian's global headquarters are in Dublin, Ireland. Its North American headquarters are in Costa Mesa, California. ConsumerInfo.com's websites display the Experian logo and provide access to credit reports and scores through Experian.

12.    Defendants operated together through ConsumerInfo.com's websites as a single enterprise as it relates to the allegations in this Complaint. ConsumerInfo.com and Experian are registered and conduct business in this state. Through the common enterprise they have marketed and sold bundled credit reports and scores to thousands of consumers in this state. Experian and ConsumerInfo.com knowingly directed each other and gave substantial assistance to each other in committing the willful violations alleged herein, including, without limitation, through the use of their respective logos and other co-marketing efforts.

## **FACTUAL ALLEGATIONS**

**Background**

13.    In 2003, Congress enacted the Fair and Accurate Credit Transactions Act ("FACTA").  One of the provisions of FACTA amended Section 612 of the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681j.  The amendment created a procedure for consumers to obtain a free annual basic credit report, technically a "file disclosure," from the large national consumer reporting agencies ("CRAs"), including Experian.  The Federal Trade Commission ( the "FTC") promulgated the "Free Reports Rule" to implement the amendment, and the rule took effect starting 2004.  The Free Reports Rule required the CRAs to establish, among other things, a website, entitled www.AnnualCreditReport.com, from which consumers could order a free report.

14.     The federally mandated www.AnnualCreditReport.com website is easy and convenient to use.  Consumers fill in basic information consisting of name, address, date of birth and social security number, and then select the credit bureau from which they want a report.  The report is usually generated ***instantly*** online and made available to the consumer at no cost.

15.     After the issuance of the Free Reports Rule, the CRAs and other industry participants created a plethora of websites offering what they touted as "free" credit reports.  However, these "free" reports came with a hitch – most often they required the consumer to sign up for credit monitoring services for which the CRAs charged a recurring monthly fee.  Consumers were able to cancel the monthly service, but had to do so within a limited time in order to avoid a charge.

16.     The method for canceling the subscription varied among CRAs, but was never as convenient as signing up in the first place.  Where the consumer was automatically enrolled in the subscription program online in exchange for a "free" credit report, the consumer was usually not provided an online option to cancel the subscription.  Instead, the consumer was usually required to request cancellation by telephone, often being required to navigate time-consuming and frustrating automated voice systems, or being subjected to insistent sales representatives attempting to discourage the cancellation.

17.   Many consumers, consumer advocacy organizations and even government entities complained that these websites were misleading and confusing to consumers in that they played upon consumer knowledge that they were now entitled to free reports, but directed consumers to websites requiring them to purchase ancillary services.  According to a FTC press release on February 23, 2010, "the FTC proposed amending the Rule in October 2009 and received more than one thousand comments from consumers, consumer reporting agencies, consumer report resellers, business and trade organizations, state attorneys general, consumer advocates, law firms, members of Congress, and academics."  The FTC website about free annual credit reports indicates that the FTC specifically received "complaints from consumers who thought they were ordering their free annual credit report, and yet couldn't get it without paying fees or buying other services."

18.   Experian, in particular, engaged in a highly visible multimedia advertising campaign for one of its websites, www.FreeCreditReport.com.  The CRAs in effect led consumers to believe that their own websites were the ones providing the federally-mandated free reports.  The CRA websites did not properly, if at all, disclose to consumers the existence of the actual free website, www.AnnualCreditReport.com.[1]

**The FTC Credit Report Rule**

19.   In 2009, Congress responded to the public criticism by enacting section 205 of the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act").  This Act amended Section 612 of FCRA and directed the FTC to issue a rule to prevent deceptive marketing of free credit reports.  15 U.S.C.A. § 1681j(g).  Specifically, 15 U.S.C.A. § 1681j(g), requires "any advertisements for a free credit report in any medium shall prominently disclose in such advertisement

---

[1] Additional background information is discussed in more detail in commentary to the FTC's Free Annual File Disclosures; Final Rule, 75 Fed. Reg. 9726-27 (Mar. 3, 2010) (to be codified at 16 C.F.R. pt. 610).

that free credit reports are available under Federal law at: 'AnnualCreditReport.com' (or such other source as may be authorized under Federal law)."

20.    The FTC promulgated the new Rule, 16 C.F.R. § 610.4, pursuant to 15 U.S.C.A. § 1681j(g), and it became effective April 2, 2010. Specifically, Section 610.4(b)(4) of the Rule requires that websites disclose the federally-mandated website www.AnnualCreditReport.com and that:

(1) the disclosure appear "on each page that mentions a free credit report and on each page of the ordering process";

(2) the "disclosure shall be visible across the top of each page where the disclosure is required to appear; [and] shall appear inside a box";

(3) "[t]he first element of the disclosure shall be a header that is centered and shall consist of the following text: 'THIS NOTICE IS REQUIRED BY LAW. Read more at FTC.GOV'";

(4) "[t]he reference to FTC.GOV shall be an operational hyperlink to (www.ftc.gov/freereports), underlined";

(5) "the second element of the disclosure [shall state] '[y]ou have the right to a free credit report from AnnualCreditReport.com or 877-322-8228, the ONLY authorized source under federal law'"; and

(6)  "[t]he reference to AnnualCreditReport.com shall be an operational hyperlink to the centralized source, underlined."

There are many additional requirements concerning text size, spacing, color, and other requirements designed to make the disclosure "prominent."  16 C.F.R.

§ 610.4(a)(3).  All these requirements are referred to herein collectively as the "Required Disclosures."

21.     The Required Disclosures must be made whenever a website offers a "free credit report."  A "free credit report" is defined in the Rule as:

> a file disclosure prepared by or obtained from, directly or indirectly, a
> nationwide consumer reporting agency (as defined in section 603(p)
> of the Fair Credit Reporting Act), that is represented, either expressly
> or impliedly, to be available to the consumer at no cost if the
> consumer purchases a product or service, or agrees to purchase a
> product or service subject to cancellation.

16 C.F.R. § 610.4(a)(2).  A "file disclosure" is a basic credit history.  It is a listing of all the information in a consumer's file such as credit accounts, inquiries and reported credit history, but does not include credit scores and other predictors relating to the consumer.  15 U.S.C. § 1681g(a).

22.     During the comment period, industry groups urged the FTC to clarify that the Rule would not apply to advertisements and offers where a "free credit report" was included as part of a bundle of services, but was not "a dominant part of the offer."   An example would be offering a complimentary credit report in conjunction with the purchase of credit monitoring and identity protection services.  The FTC rejected that request stating that the Commission believed that such bundled advertising "is the very type of advertising that is likely to confuse consumers."[2]  Therefore, the Required Disclosures must be made even when the "free credit report" is offered in conjunction with other products and services.

_____

[2] In its *Section-by-Section Discussion of Final Amended Rule*, the Commission explained:

> Several commenters urged the Commission to clarify that section 610.4 does not apply to advertisements for every bundle of products or services that may include a ''free credit report.''  For example, CDIA [Consumer Data

23.    In summary, Required Disclosures must be made whenever a website offers to provide a "file disclosure," "either expressly or impliedly" for "no cost," but conditioned upon the consumer's purchase of some other product or service or upon the consumer's agreement to accept a trial offer.

**A.    www.FreeCreditReport.com**

24.    www.FreeCreditReport.com, offers consumers an option of receiving a "Free Credit Report Delivered in 2 Days."  It also provides a second option of receiving an instant credit report and score for $1, which is conditioned on enrolling in a Triple Advantage credit monitoring program for $14.95. Accordingly, it must, but does not, make the Required Disclosures.

25.    If    a    consumer    chooses    the    free    report    from www.FreeCreditReport.com, the consumer is directed to another webpage for ordering.  That page, entitled "Create My Account," prominently encourages the consumer to click a box to add the credit score.  The box is labeled:  "**Get your FREE Credit Score** with your Report when you start your trial membership in Triple Advantage."  It is followed by: "Upgrading gives you a Free Score AND instant access to your Report, but is NOT required to get your Free Report."  This page offers to bundle a free report, a free score, and instant access, conditioned on

Industry Association] contended that ''where a company offers a package of services together with a credit report – such as combined credit monitoring, identity theft assistance, or other products or services – the disclosure requirements should not apply if a complimentary credit report is not a dominant part of the offer.''   These commenters asserted that there is no confusion between the offering of bundled products and services and the federally mandated dissemination of free annual file disclosures through the centralized source. . . . The Commission declines to modify the proposed Rule in response to these comments. The Commission disagrees that the types of bundled products mentioned by commenters do not cause consumer confusion. Indeed, the Commission believes that advertising for bundled products that promote free credit reports, in addition to other products and services, such as credit monitoring, is the very type of advertising that is likely to confuse consumers. Thus, the final amended Rule does not include any type of exemption for bundled products.

75 Fed. Reg. 9733.

the consumer subscribing to credit monitoring services, which if not cancelled within the trial period are $14.95 per a month.

26.     The Frequently Asked Questions also explain that the consumers who sign up for the second option, the instant credit report and score for $1 with the monitoring package, are not even charged $1, as it is only used as a way to determine if a valid credit card is used for the membership in the credit monitoring and the $1 will be removed from charges within a couple days.   The offer is actually for a free credit report and score, contingent on the enrollment in the Triple Advantage credit monitoring.

27.     Upon information and belief, when consumers sign up for the $1 option, Defendants at times may not charge the $1 even temporarily to the consumer's account.

28.     The Frequently Asked Questions also indicate that the "free Credit Report you get during your trial with www.FreeCreditReport.com does not count toward your free report from the government. You can still get both."

29.     The website offers a free credit report, but does not disclose on its landing page that the consumer can get an instant free report at www.AnnualCreditReport.com, nor does the website contain the other Required Disclosures.

**B.     www.CreditReport.com**

30.     Another of Defendants' websites, www.CreditReport.com, offers a free credit score, conditioned upon enrolling in a 7 day trial of "CreditReport.com Credit Monitoring," after which the consumer will be billed a nonrefundable $19.95 per month.   However, the website also represents that the consumer will receive a complimentary credit report if the consumer subscribes to the credit monitoring.

31.     The website offers a "free credit report" in the following ways:

(a)     When the mouse is moved to any point on the page, a pop-up appears that says:  "Get your Free Credit Score and Report Now!"

(b)     The website is called "www.CreditReport.com."

(c)     The 7 day trial of the credit monitoring service includes access to the credit report.  The banner even says that "You will receive email alerts whenever there is a significant change to your credit report or scores."  There are also references to "Daily monitoring of your credit report at all 3 credit bureaus" and "Email alerts for important changes to your credit report, such as late payments."

(d)     The lead section of the explanatory text at the bottom of the website specifically mentions a free online credit report:

> Get a free credit score with your trial of credit monitoring. We provide daily monitoring of your reports from TransUnion, Equifax and Experian for new credit applications, changes to your name or address, and potential negative activity. During your trial, you'll receive:
>
> - **Access to your free credit score and online credit report for 30 days** [emphasis added]
> - Analysis of your credit history
> - Email alerts when your credit history changes

(e)     The explanatory text continues with information about credit reports, ending with a statement that, by trying the free monitoring service, "You can also choose to instantly view your credit reports from the three national credit bureaus: TransUnion, Equifax and Experian."

32.     At the very bottom of the landing page in smaller print, there is a statement that "[u]nder federal law you have the right to receive a free credit report from each of the three nationwide consumer reporting agencies once every 12

months. A free credit score is not included." Although the page mentions the availability of a free credit report, no reference is made to the federally mandated website, www.AnnualCreditReport.com, nor is there any compliance with the other Required Disclosures.

**C.    www.FreeCreditScore.com**

33.    Defendants' website, www.FreeCreditScore.com, focuses on the "only one number that matters," your credit score. However, the receipt of a free credit score is contingent on automatic enrollment in the "Triple Advantage" monitoring, which if not cancelled within the trial period, the consumer will be billed $14.95 per a month.

34.    The website purports to explain what comes with the free trial period of Triple Advantage membership:

> As a Triple Advantage member at FreeCreditScore.com, you will
> enjoy the following benefits:
> *Access to your Experian® Credit Report* and PLUS Score
> Bi-Monthly Score Monitoring and Alerts
> Daily Credit Monitoring and Alerts
> Fraud Resolution Support
> $50,000 Product Guarantee*

(Emphasis added).

35.    Despite offering a free credit report as bundled with the Triple Advantage membership, the website fails to prominently disclose on its landing page that consumers can get a free credit report from the federally mandated site and the other Required Disclosures.

**Plaintiff is Mislead by Defendants' Website**

36.    During the summer of 2010, Plaintiff sought his free credit report and score through www.FreeCreditReport.com as advertised.

37.    Plaintiff clicked on the link for a free credit report and score and began to fill out the information as requested on Defendants' website.  The website offered an upgrade to receive a free credit score in addition to the report. However, he stopped when the website requested his credit card information.

## CLASS ALLEGATIONS

38.    Plaintiff brings this action on his own behalf and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks certification of the following Class:

> All persons in the United States, who have visited any of Defendants' websites, including: www.FreeCreditReport.com, www.FreeCreditScore.com, and www.CreditReport.com since April 2, 2010 through the final disposition of this and any and all related actions.

39.    Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical. For example, www.FreeCreditreport.com, www.CreditReport.com, and www.FreeCreditscore.com receive an estimated 12,000 visits per day.

40.    This action involves questions of law and fact common to Plaintiff and all members of the Class, which include:

(a)    Whether Defendants violated Fair Credit Reporting Act 15 U.S.C.A. § 1681j(g) and 16 C.F.R. § 610.4 for failing to display to consumers that a free credit report was available at www.AnnualCreditReport.com;

(b)    Whether Defendants violated California Business and Professions Code Section 17500;

(c)    Whether Defendant violated California Business and Professions Code Section 17200; and

(d)     Whether Plaintiff and Class Members sustained damages resulting from Defendant's conduct and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

41.     Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class.  Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which directly conflict with the interests of the other members of the Class.

42.      Plaintiff has engaged the services of counsel, who are experienced in complex class litigation, who will adequately prosecute this action, and will assert and protect the rights of and otherwise represent Plaintiff and the absent Class Members.

43.     Plaintiff's claims are typical of those of the absent Class Members because Plaintiff and the Class Members each sustained damages arising from Defendants' wrongful conduct, as alleged more fully herein.

44.     This action is brought under Rule 23 because Defendant has acted on grounds generally applicable to all members of the Class and/or because questions of law or fact common to class members predominate over any questions affecting only individual members.

45.     Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

46.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## COUNT I
### Violation of Fair Credit Reporting Act 15 U.S.C.A. § 1681j(g) and 16 C.F.R. § 610.4

47.     Plaintiff incorporates the above allegations by reference as though fully set forth herein.

48.     The Fair Credit Reporting Act, 15 U.S.C.A. § 1681j(g) requires Defendants to comply with the Required Disclosures whenever their websites, expressly or impliedly, offer a free credit report if a consumer purchases any product or service.

49.     16 C.F.R. § 610.4(a)(3) describes the general requirements for the Required Disclosures.  The Rule requires all disclosures be "prominent,"  "[v]isual disclosures shall be easily readable; in a high degree of contrast from the immediate background on which it appears; in a format so that the disclosure is distinct from other text, such as inside a border; in a distinct type style, such as bold; and parallel to the base of the advertisement or screen," and "[n]othing contrary to, inconsistent with, or that undermines the required disclosures shall be used in any advertisement in any medium, nor shall any audio, visual, or print technique be used that is likely to detract significantly from the communication of any disclosure."

50.     16 C.F.R. § 610.4 (b)(4) provides additional specific disclosures that govern Defendants' websites that must be displayed "on each page that mentions a free credit report and on each page of the ordering process. This disclosure shall be visible across the top of each page where the disclosure is required to appear; shall appear inside a box; and shall appear in the form specified below:

(i) The first element of the disclosure shall be a header that is centered and shall consist of the following text: "THIS NOTICE IS REQUIRED BY LAW. Read more at FTC.GOV ". Each letter of the header shall be one-half the size of the largest character of the disclosure text required by 610.4(b)(4)(ii). The reference to FTC.GOV

shall be an operational hyperlink to (www.ftc.gov/freereports), underlined, and in a color that is a high degree of contrast from the color of the other disclosure text and background color of the box;

(ii) The second element of the disclosure shall appear below the header required by paragraph 610.4(b)(4)(i) and shall consist of the following text: "You have the right to a free credit report from AnnualCreditReport.com or 877-322-8228, the ONLY authorized source under federal law." The reference to AnnualCreditReport.com shall be an operational hyperlink to the centralized source, underlined, and in the same color as the hyperlink to FTC.GOV required in paragraph 610.4(b)(4)(i) . . .

51.    Defendants fail to comply with 15 U.S.C.A. § 1681j(g) by not prominently disclosing in their advertisements for a free credit report that free credit reports are available under federal law at www.AnnualCreditReport.com.

52.    Defendants fail to comply with 16 C.F.R. § 610.4 by not prominently displaying in an easily visible format, distinct from the other text the disclosures about www.AnnualCreditReport.com on each page of their websites that mention a free credit report, nor do Defendants comply with any of the other Required Disclosures.

53.    When consumers, like Plaintiff, fill out the form to receive the free credit report and score, they are asked for their credit card information because their free report and score is contingent on being enrolled in Defendants' credit monitoring service at a rate of almost $15-20 per a month.

54.    Instead of fulfilling their legal obligations under the FCRA, Defendants intentionally violate 15 U.S.C.A. § 1681j(g) and 16 C.F.R. § 610.4. They harm consumers by misleading them into purchasing a so-called free credit

report and divert them from being able to obtain the free report as mandated under federal law.

55.    Plaintiff and Class Members seek damages under 15 U.S.C.A. § 1681n for Defendants willful violation.

## COUNT II
## Violation of California Business and Professions Code § 17500 et seq.

56.    Plaintiff incorporates the above allegations by reference as though fully set forth herein.

57.    Throughout the Class Period, Defendants engaged in a public advertising and marketing campaign representing that consumers could receive a free credit report, which drove business to their websites.

58.    Defendants engaged in their advertising and marketing campaign with intent to directly or indirectly induce customers to inquire about the free credit report and sell them ancillary services.  Defendants failed to prominently disclose and display, as required under the FRCA, that consumers can acquire a free credit report at www.AnnualCreditReport.com, nor did Defendants' comply with the other Required Disclosures.

59.    Contrary to the advertising that appeared on Defendants' website and elsewhere, the so-called free credit reports were not in fact free, but were contingent on enrolling in Defendants' credit monitoring program that cost about $15-20 per a month.

60.    Defendants' advertisements and marketing representations are false, misleading, and likely to deceive the public and/or deceived the public by falsely representing that consumers could receive their free credit report, when in fact it was not free, and they also failed to prominently display the link to www.AnnualCreditReport.com, where they could receive a free credit report, further diverting them from receiving their free credit report under federal law.

61.   In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading.

62.   Plaintiff and Class Members suffered injury in fact and lost property as a result of Defendants' conduct of diverting consumers away from obtaining a free credit report and causing them to pay unnecessary fees that they would not have been paid to Defendants but for their false and misleading statements that also violated federal law.  Plaintiff and Class Members would not have inquired or paid Defendants for their credit report had they been aware of the false, misleading and incomplete nature of Defendants' representations about the "free" credit reports.

63.   Plaintiff and Class Members seek declaratory and injunctive relief, enjoining Defendants from continuing to disseminate their untrue and misleading statements, and other relief allowable under Section 17535.

## COUNT III
### Violation of California Business and Professions Code § 17200 *et seq.*

64.   Plaintiff incorporates the above allegations by reference as though fully set forth herein.

65.   The circumstances giving rise to Plaintiff's allegations, including Defendants' corporate policies regarding the sales and marketing of the free credit reports, occurred in the State of California, therefore, application of California law is appropriate.

66.   By engaging in the acts and practices described above, Defendants committed one or more acts of "unfair competition" within the meaning of Business & Professions Code § 17200.  "Unfair competition" is defined to include any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Business & Professions Code § 17500 *et seq.*]."

67.     Defendants committed "unlawful" business act or practices by, among other things, violating California Business & Professions Code § 17500 and FCRA, 15 U.S.C.A. § 1681j(g) and 16 C.F.R. § 610.4.

68.     Defendants' committed "unfair" business act or practices by, among other things:

(a)     engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and Class members;

(b)     engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and Class Members; and

(c)     engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged in this Complaint.

69.     Defendants committed "fraudulent" business act or practices by, among other things, engaging in conduct Defendants knew or should have known were likely to and did deceive the public, including Plaintiff and other Class Members.

70.     As detailed above, Defendants' unlawful and unfair practices include, but are not limited to, the following:

(a)     failing to make Required Disclosures mandated by federal law, 15 U.S.C.A. § 1681j(g) and 16 C.F.R. § 610.4, including prominently displaying that a free credit report is available at www.AnnualCreditReport.com;

(b)     making false and/or misleading representations that consumers could obtain a free credit report, through Defendants, when, in fact, the "free" report was contingent on enrolling in Defendants' credit monitoring program that was about $15-$20 per a month;

(c)     diverting consumers from obtaining the truly free credit report through www.AnnualCreditReport.com by failing to disclose its existence and availability through the Required Disclosures; and

(d)     Purporting to charge a nominal and/or illusory $1 fee for the sole purpose of circumventing their legal disclosures obligations.

71.     Plaintiff and Class Members suffered injury in fact and lost property as a result of Defendants' conduct of diverting consumers away from obtaining a free credit report and causing them to pay unnecessary fees that they would not have been paid to Defendants but for their false and misleading statements that also violated federal law.  Plaintiff and Class Members would not have inquired or paid Defendants for their credit report had they been aware of the false, misleading and incomplete nature of Defendants' representations about the "free" credit reports.

72.     Plaintiff and Class Members seek declaratory and injunctive relief, and other relief allowable under Section 17203, including, but not limited to, enjoining Defendants from continuing to engage in their unfair and unlawful conduct as alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated pray for judgment against Defendants as follows:

A.     An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class Members;

B.     An order declaring the acts and practices of Defendants alleged constitute violations of 15 U.S.C. § 1681j(g) and 16 C.F.R. 610.4 and violations of California Business and Professions Code § 17500 and § 17200;

C.     Damages pursuant to 15 U.S.C.A. § 1681j(g) and 16 C.F.R. 610.4;

D.     A permanent injunction enjoining Defendants' from continuing to harm Plaintiff and the members of the Class and violating FCRA and California law;

E.    An order requiring Defendants to adopt and enforce a policy that requires appropriate disclosure of its fees and complies with FCRA and California law;

F.    Reasonable attorneys' fees and the costs of the suit;

G.    Statutory pre-judgment interest; and

H.    Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

DATED: March 22, 2011

MILBERG LLP
JEFF S. WESTERMAN
SABRINA S. KIM

JEFF S. WESTERMAN

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com
Email: skim@milberg.com

THE WENTZ LAW FIRM
Richard Wentz
Jean Wentz
2955 East Hillcrest Drive
Suite 123
Thousand Oaks, CA 91362
Telephone: (805) 374-0060
Facsimile: (888) 855-8124
Email: rick.wentz@gmail.com
jean.wentz@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## SACV11- 455 CJC (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
skim@milberg.com
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200   Facsimile: (213) 617-1975

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BRUCE GEIGER, individually and on behalf of all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV11-00455 CJC (PJWx)** |
| v. | |
| CONSUMERINFO.COM, INC. and EXPERIAN PLC, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within ⎽ 21 ⎽ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jeff S. Westerman_____, whose address is _Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _March 22 2011_

**AMY DeAVILA**

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> BRUCE GEIGER, individually and on behalf of all others similarly situated, | DEFENDANTS <br> CONSUMERINFO.COM, INC. and EXPERIAN PLC |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Jeff S. Westerman, MILBERG LLP <br> 300 S. Grand Avenue, Suite 3900, Los Angeles, CA 90071 <br> Telephone: (213) 617-1200 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C.A. § 1681j(g) & 16 C.F.R. § 610.4; Cal. Bus. & Prof. Code § 17500 et seq.;Cal. Bus. & Prof. Code § 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV11-00455 CJC (PJWx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                        CIVIL COVER SHEET                        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Long Branch, New Jersey |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date March 22, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |