UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00455-JVS (ANx) | Date | August 1, 2011 |
| Title | Bruce Geiger v. ConsumerInfo.com, Inc., et al. | | |

Present: The Honorable     James V. Selna

| Nancy Boehme | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| No Appearance | No Appearance |

**Proceedings:**   (In Chambers) Order Granting Defendants' Motion to Dismiss or in the Alternative Motion to Strike (fld 5/18/11)

The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling, hereby GRANTS the Defendants' Motion and rules in accordance with the tentative ruling as follows:

Defendants ConsumerInfo.com, Inc. ("CIC") and Experian plc ("Experian) (collectively "CIC") move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted or in the alternative to strike certain allegations from Plaintiff's Complaint. Plaintiff Bruce Geiger ("Geiger") opposes the motion. For the following reasons, the motion to dismiss is GRANTED.

I.     BACKGROUND

Defendant, ConsumerInfo.com, Inc. ("CIC"), is a California corporation, which offers "consumers quick, easy, and inexpensive access to their own credit histories." (Compl. ¶ 10.) CIC is a wholly-owned and controlled subsidiary of Experian plc, a nationwide consumer reporting agency with global headquarters in Dublin, Ireland, and domestic headquarters in Costa Mesa, California. (Id. at ¶¶ 1, 11.) According to Geiger, Defendants operate three websites: www.FreeCreditReport.com; www.FreeCreditScore.com; and www.CreditReport.com. (Id. at ¶1.)

During the summer of 2010, Geiger sought a free credit report. (Id. at ¶ 36.) Geiger went to the website www.FreeCreditReport.com to get a free credit report. (Id. at ¶ 37.) While accessing www.FreeCreditReport.com, Geiger clicked on a link for a free credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00455-JVS (ANx)                            Date   August 1, 2011

Title   Bruce Geiger v. ConsumerInfo.com, Inc., et al.

report and credit score. (Id.) Geiger began to fill out information as requested by www.FreeCreditReport.com but stopped filling out his information when www.FreeCreditReport.com requested his credit card information. (Id.)

On March 22, 2011, Geiger filed a putative class action against Defendants on behalf of himself and all other persons, "who from on or about April 2, 2010 through the final disposition of this and any related cases . . . visited websites belonging to Defendant ConsumerInfo.com, Inc." (Id. at ¶ 1.) Geiger brought three causes of action against Defendants: (1) Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(j) and 16 C.F.R. § 610.4; (2) Violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; and (3) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

On May 18, 2011, Defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or in the alternative to strike pursuant to Federal Rule of Civil Procedure 12(f). (Docket No. 11.) Defendants contend that Geiger not only lacks standing under Article III of the Constitution, California's UCL, and California's FAL. (Defs.' Mot. Br. 5-8), but also that Geiger fails to state a claim upon which relief can be granted (Id. at 13.)

II.   LEGAL STANDARD

   A.   Article III Standing

This Court's Article III jurisdiction over a case "depends on the existence of a 'case or controversy.'" GTE California, Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). "To enforce Article III's limitation of federal jurisdiction to 'cases and controversies, Plaintiffs must demonstrate . . . standing . . . ." Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008). To satisfy the Constitution's standing requirement, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that there injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00455-JVS (ANx)                                   Date   August 1, 2011

Title   Bruce Geiger v. ConsumerInfo.com, Inc., et al.

As the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of demonstrating that he has standing in this action. Lujan, 504 U.S. at 561. Plaintiff must demonstrate standing "for each claim he seeks to press" and for "each form of relief sought." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). "The plaintiff bears the burden of proof to establish standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" Oregon v. Legal Servs. Corp., 552 F.3d 965, 969 (9th Cir. 2009) (quoting Lujan, 504 U.S. at 561).

     B.    UCL and FAL Standing

After the passage of Proposition 64, a person has standing to assert a claim under California's UCL or FAL only if that person has "suffered injury in fact and has lost money or property as a result of" unfair competition or false advertising. See Cal. Bus. & Prof. Code §§ 17204, 17535; Californians for Disability Rights v. Mervyn's LLC, 39 Cal. 4th 223, 228-229 (2006). Although absent class members do not need to meet the UCL and FAL standing requirements, class representatives do. See In re Tobacco II Cases, 46 Cal. 4th 298, 314-24 (2009). The remedies available under the UCL and the FAL are limited — the Court may enjoin the unlawful conduct or may "restore to any person in interest any money or property, real or personal, which may have been acquired by means of" unfair competition or false advertising. Cal. Bus. & Prof. Code §§ 17203, 17535. Thus, claims for monetary relief are limited to restitution. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1146 (2003) ("[R]estitution is the only monetary remedy expressly authorized by section 17203."); Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 173 (2000) ("[D]amages are not available under section 17203."); id. at 177 n.10 ("The restitutionary remedies of section 17203 and 17535 . . . are identical and are construed in the same manner."); Colgan v. Leatherman Tool Group, 135 Cal. App. 4th 663, 695 (Ct. App. 2006) ("Damages are not available under the False Advertising and Unfair Competition Laws because restitution is the only available remedy under those statutes."). Previously, Courts held that where the alleged injury did not entitle the plaintiff to restitution, the plaintiff lacked standing to pursue a UCL or FAL claim. See Citizens of Humanity, LLC v. Costco Wholesale Corp., 171 Cal. App. 4th 1, 22 (Ct. App. 2009). The California Supreme Court, however, recently stated that "ineligibility for restitution is not a basis for denying standing under section 17204." Kwikset Corp. et al., v. Superior Court of Orange County, 246 P.3d 877, 895 (Cal. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00455-JVS (ANx)   Date  August 1, 2011

Title  Bruce Geiger v. ConsumerInfo.com, Inc., et al.

    C.    <u>Failure to State a Claim</u>

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

    In resolving a Rule 12(b)(6) motion under <u>Twombly</u>, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Nor must the Court "accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> at 1949-50 (quoting <u>Twombly</u>, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." <u>Id.</u>

    Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." <u>Cooper v. Pickett</u>, F.3d 616, 625 (9th Cir. 1997) (emphasis in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. <u>Vess v. Ciba-Geigy Corp., USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. <u>Id.</u>

    C.    <u>Motion to Strike</u>

    Under Rule 12(f), a party may move to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00455-JVS (ANx)                    Date   August 1, 2011

Title   Bruce Geiger v. ConsumerInfo.com, Inc., et al.

12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).

III.   DISCUSSION

   A.   Standing

   Geiger concedes that his UCL and FAL claims should be dismissed on the current record (Pl.'s Opp'n Br. 2), therefore the Court examines only whether Geiger meets the Article III standing requirements for his FCRA claim.

   Geiger lacks Article III standing. Standing is a threshold issue in every federal case. Warth v. Seldin, 422 U.S. at 498. In examining standing, the question for the Court is "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Id. at 498-99. The Court finds that Geiger fails to meet the standing requirement because he fails to establish the three required elements for standing under Article III: (1) injury in fact, (2) causation, and (3) redressability. See Barnum Timber Co. v. U.S. E.P.A., 633 F.3d 894, 897 (9th Cir. 2011.)

   Geiger alleges that he and putative class members "suffered injury in fact and lost property" (Compl. ¶ 62). However, Geiger identifies the injury suffered as being misled by CIC into purchasing a so-called free credit report and being diverted by CIC from being able to obtain a free credit report as mandated under federal law. (Compl. ¶ 54.) Geiger admits that he did not suffer this alleged injury. (See compl.) Geiger admits that he did not purchase a credit report from CIC, he was not mislead into purchasing a credit report from CIC, and admits that he did not complete any transaction with CIC. (See id. ¶ 37.) Geiger claims only that he "clicked on the link for a free credit report and score and began to fill out the information . . . [but] he stopped when the website requested his credit card information." (Id.) Courts are clear on the issue of injury in fact: speculative injury is not sufficient, the plaintiff "must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." Warth v. Seldin,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00455-JVS (ANx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Bruce Geiger v. ConsumerInfo.com, Inc., et al. | | |

422 U.S. at 501; Summers v. Earth Island Institute, 555 U.S. 488, ---; 129 S. Ct. 1142, 1151 (2009) (stating that to meet the standing requirement, the party bringing suit must "show that the action injures him in a concrete and personal way"). Geiger fails to allege that he suffered any injury, let alone a concrete, palpable or personal injury as required for Article III standing. Therefore, Geiger lacks Article II standing because he fails to establish even the first required element of injury in fact, let alone causation and redressability.

Geiger also contends that Defendant's violation of his statutory rights under the FCRA itself constitutes an injury in fact sufficient to confer Article III standing. (Pl's Opp'n Br. 15.) According to Geiger, he adequately pleads injury in fact absent identifiable economic damage because "Congress created and sought to protect the right to access one's free credit report with no strings attached and without having to navigate through misleading offers designed to trick the unwary." (Id. 16.) However, Geiger misstates the standing requirement and relies on distinguishable, non-mandatory case law.[1]

---

[1] Geiger relies on three cases to support the contention that violation of a statute, absent identifiable economic injury constitutes injury in fact sufficient for Article III standing. Geiger first cites to Ramirez v. Midwest Airlines Inc., 537 F. Supp. 2d 1161 (D. Kan. 2008), which states, "it is well settled that a statute itself may create a legal right, the invasion of which causes an injury sufficient to create standing." However, the facts of Ramirez are distinguishable from the facts at hand. In Ramirez, Defendants allegedly violated a section of the FCRA which prohibited merchants from printing "more than the last 5 digits of the card number or expiration date on a receipt provided to the cardholder at the point of the sale or transaction." (Defs.' Reply Br. 5)(citing 15 U.S.C. § 1681c(g)). Unlike the case at hand, the provision in the FCRA expressly required a transaction between defendant and plaintiff and in Ramirez, there was in fact such an individual transaction. Furthermore in Ramirez, the court noted that plaintiff had standing because, "the plaintiff herself was an object of the defendant's action." Ramirez, 537 F. Supp. 2d at 1167. Here, no transaction occurred between Geiger and CIC, nor was Geiger an object of CIC's actions.

Geiger also relies on Hoang v. Reunion.com, Inc., No. C-08-3518 MMC, 2010 WL 1340535 (N.D. Cal. March 31, 2010), an unpublished slip opinion from the Northern District of California. Geiger cites Hoang for its extrapolation that Gordon v. Virtumundo, Inc., 575 F.3d 1040 (9th Cir. 2009) appears to support for the proposition that the invasion of a statutorily created legal right creates Article III standing. (Pl's Opp'n Br. 17.)(citing Hoang v. Reunion.com, 2010 WL 1340535 at *2.)  However, as Defendants point out, the Court in Hoang reached this conclusion, "despite acknowledging that the Gordon defendants did not dispute . . . the issue of standing . . . that Gordon did not make an express finding regarding standing . . . and that Gordon did not address Article III standing." (Defs.' Reply Br.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00455-JVS (ANx)                              Date   August 1, 2011

Title   Bruce Geiger v. ConsumerInfo.com, Inc., et al.

As Defendants point out, "[s]tanding – including cognizable injury – under Article III is a *constitutional* requirement which must be satisfied, regardless of whether a *statute* purports to grant standing to uninjured consumers." (Defs.' Reply Br. 2)(original emphasis)(citing Lee v. Am. Nat'l Ins. Co., 260 F.3d 997 1001-02). A statute may not require proof of actual damages, however "Article III of the United States Constitution requires proof of such damages in order to have access to the federal courts to establish and collect upon such a claim." Native Am. Arts, Inc. v. Specialty Merch. Corp., 451 F. Supp. 2d 1080, 1083 (C.D. Cal. 2006). Geiger has conceded that no transaction occurred between CIC and himself and that he has not suffered a cognizable economic injury. (Pl.'s Opp'n Br. 17.) Although the FCRA does not require Geiger to prove actual economic damages, Article III of the Constitution requires that Geiger plead injury in fact for this Court to have jurisdiction. Violation of the FCRA, without corresponding economic damage, does not constitute an injury in fact sufficient to confer Article III standing.

Lastly, Geiger contends that CIC's standing argument is misplaced. Geiger claims that CIC's standing argument addresses the merits of Geiger's claims rather than Geiger's lack of Article III standing. Again, Geiger relies on inapplicable and distinguishable case law to support this proposition.[2] The Court disagrees with Geiger's position. CIC's

---

6)(citing Hoang v. Reunion.com, 2010 WL 1340535 at *2.) In addition, Defendants point out that, like Ramirez, Hoang involved an individual transaction "where the plaintiff was the specific object of the defendants' actions." (Defs.' Reply Br. 6.)

Lastly Geiger references Kerwin v. Remittance Assist. Corp., 559 F. Supp. 2d 1117, 1123 (D. Nev. 2008), which held that a non-debtor had standing under the Fair Debt Collection Practices Act ("FDCPA") to challenge prohibited conduct. However, Kerwin is also distinguishable from the matter at hand. First, in Kerwin, the Defendants conceded that the plaintiffs had standing. Kerwin, 559 F. Supp. 2d at 1123. Second, the Court's discussion concerned whether the plaintiffs had statutory standing under the FDCPA, not standing under Article III. Id.

[2] Geiger first relies on Tagupa v. Bd. of Dirs., 633 F.2d 1309 (9th. Cir. 1980) in support of the claim that the Court should decline to address CIC's arguments. Tagupa does not apply and in any case is distinguishable. First, Tagupa does not apply because in Tagupa, injury in fact was adequately plead: "[t]he connection between the alleged discriminatory actions and personal injury to Tagupa is obvious, and it is plain that a court could give him relief if he proved his claim." Tagupa, 633 F.2d at 1312. Second, the court limited its holding in Tagupa to the facts of the case. Id. at 1311.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00455-JVS (ANx) | Date | August 1, 2011 |
| Title | Bruce Geiger v. ConsumerInfo.com, Inc., et al. | | |

standing arguments are timely, appropriate and applicable. Therefore, the Court finds that Geiger lacks the requisite Article III standing because he fails to establish even the first required element of injury in fact, let alone causation and redressability.

  B. <u>The Court Does Not Address Defendants' Motion to Dismiss for Failure to State a Claim</u>

Because the Court finds that Geiger lacks standing to bring this claim, the Court does not address the merits of Defendants' Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

  C. <u>The Court Does Not Address Defendants' Motion to Strike</u>

Similarly, the Court does not address the merits of Defendants' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f).

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. As to the claims made by this Plaintiff, all claims against Defendants are dismissed with prejudice.

IT IS SO ORDERED.

---

  Geiger also relies on <u>Klimas v. Comcast Cable Commc'ns, Inc.</u>, 465 F.3d 271 (6th Cir. 2006), stating that in <u>Klimas</u> the "Sixth Circuit held that failure to allege identifiable injury sustained by plaintiff . . . did not deprive plaintiff of standing." (Pl.'s Opp'n Br. 15.) However, Geiger misstates the holding in <u>Klimas</u>. In <u>Klimas</u>, the plaintiff alleged a violation of a statute which, prohibited cable operators from collecting personally identifiable information about subscribers without written consent. <u>Klimas</u>, 465 F.3d at 274. The Court held that the plaintiff had alleged an identifiable injury. <u>Id</u>. at 276. The Court did not hold that the plaintiff had standing **despite** a failure to allege identifiable injury. (emphasis added).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00455-JVS (ANx)                Date  August 1, 2011

Title  Bruce Geiger v. ConsumerInfo.com, Inc., et al.

                                                             :     00

                                      Initials of Preparer   nkb